Milligan, J.,
delivered the opinion of the court:
This case is prosecuted to recover the net proceeds of fifteen ‘bales of cotton, captured at Savannah by the United States military forces.
*502 The case is fully made oat, and the claimant is entitled to recover if lie can maintain Ms standing in this court. He relies on a special pardon, bearing' date on the 18th day of July, 1865, which he accepted in writing- on the 12th of November following. Up to this point there is no irregularity; but the warrant of pardon itself contains the following condition: “ This pardon to begin and take effect from the day on which the said James J. Waring shall take the oath prescribed -in the proclamation of the President dated May 29,1805.” The record does hot disclose the fact that he ever complied with this condition in the pardon. Without it the pardon had no vitality, and, in fact, never took effect, and can avail him nothing in this court or anywhere else. The acceptance of the pardon did not supersede the necessity of taking the oath prescribed in it.
There can be no doubt that the President has the power to-grant a pardon absolutely or conditionally. He may annex a condition, as in this case, to the pardon, and if the guilty person does not comply with the condition, or breaks it, the pardon becomes null and void. (Opinions of the Attorneys-General, vol. 1, p. 342; also vol. 2, p. 329; 1 Kent’s Com., 284, mar. and note G.)
The claimant produces the pardon in evidence, and relies on it to establish his right to maintain this action, and he must show affirmatively that ho has complied with its condition before it can avail him anything. The proof of this fact lies peculiarly within the claimant’s knowledge, and the law casts the burden of producing it on'him. The court cannot presume it, and the pardon is absolutely null and void without it.
It is plain, therefore, on the record as presented in this ease, there can be no recovery. But the court will take judicial notice of all the proclamations of the President, offering pardon and amnesty to offenders against the Constitution and laws of the United States, and apply them in every case according to their true intent and meaning. By reference to the United States statutes, it appears that the President has issued no less than six proclamations offering pardon and amnesty to persons who had been or were concerned in the late rebellion against the lawful authority of the Government of the United States, which proclamalions were severally issued ou the 8fch of December, 1863, on the 26th of March, 1864, on the 29th of *503 May, I860, on the 7th of September, 1867, on the 4th of July, 1868, and the 25 th of December, 1868. In all of these several proclamations there were certain exceptions made and conditions annexed, except the last one, which is unconditional and without reservation or exception. The language of this proclamation is : “ The authority of the Federal Government having been re-established in all the States and Territories within the jurisdiction of the United States, it is believed that such prudential reservations and exceptions, as at the dates of said proclamations were deemed necessary and proper, may now be wisely and justly relinquished, and that a universal amnesty and pardon for participation in said rebellion to all who have borne any part therein will tend to secure permanent peace, order, and prosperity throughout the land, and to renew and fully restore coufidenee and fraternal feeling among the whole people, and their respect for and attachment'to the National Government, designed by its patriotic founders for the general good:
“ Now, therefore, be it known, that I, Andrew Johnson, President of the United States, by virtue of the power and authority in me vested by the Constitution, and in 'the name of the sovereign people of the United States, do hereby proclaim and declare, unconditionally and without reservation, to all and to every person who directly or indirectly participated in the late insurrection or rebellion, a full pardon and amnesty for the offence of treason against the United States, or of adhering to their enemies during the late civil war, with restoration of all rights, privileges, and immunities under the Constitution and the laws which have been made in pursuance thereof.
Prior to the issuance of this proclamation many thousands of persons had either availed themselves of the amnesty and pardon offered by the President in previous proclamations or had been specially pardoned,- and they were not therefore any more the subject of the amnesty granted under the proclamation of the 25th of. December, 1868, than those who had never violated their faith to the National Government. But there was another large class who had participated in the rebellion, and who, for prudential reasons, had been excluded from the benefits of. all previous proclamations, which doubtlessly presented to the mind of the President the chief object of his clemency. But while this is true, -it cannot be supposed that he was ignorant of the fact that thousands of guilty persons to *504 whom special pardons had been granted, or amnesty offered under previous proclamations, had not complied with the conditions of either, and were still exposed to all the penalties and disabilities due to their respective crimes. In view of-this class of persons, as well as those to whom amnesty had never been offered, the proclamation of the 25th of December, 1868, was made universal and unconditional. The war was then ended, and the object of this proclamation, unlike many of those which had preceded it, was to secure permanent peace and good order, to promote prosperity, and restore confidence and fraternal feeling among'the whole people,-and to attach all, without reservation or exception, to the National Government.
By the terms of th.e proclamation, full pardon and amnesty were extended to all who had directly or indirectly participated in the rebellion, with restoration of all the rights, privileges, and immunities under the Constitution and laws of the United States. No conditions, not even an oath, were required in this proclamation. Its plain language comprehends all who in any way participated in the rebellion, and leaves none unprotected by it. All who were guilty of such participation in the rebellion are forgiven, and fully restored to their rights of property. Such is the proclamation, and we cannot limit its application; and, under the principles laid down in the recent opinion of the Supreme Court, in Klein's Case, it is our duty to give effect to this proclamation, and to hold the claimant entitled to maintain this action, and to recover the net proceeds of fifteen bales of cotton, now in the Treasury, which we find to be' #2,629,95, for which judgment will be entered.
Note. — After this opinion was written and read in court, the Supreme Court decided the case of Hibernia Armstrong, ante.